**BURLINGTON DRUG COMPANY**

v.

**VHA, INC. (f/k/a Voluntary Hospitals of America) and Cardinal Health, Inc. (f/k/a Cardinal Distribution, Inc.)**

Civ. No. 2:95CV15.

United States District Court,
D. Vermont.

Sept. 12, 1995.

R. Jeffrey Behm, Burlington, VT, for plaintiff.

John T. Sartore, Burlington, VT, for VHA, Inc.

Robert B. Hemley, Burlington, VT, for Cardinal Health, Inc.

*RULING ON MOTIONS TO DISMISS*
(papers 26 and 39)

MURTHA, Chief Judge.

The plaintiff, a Vermont drug wholesaler, has brought this antitrust action against a competitor and a pharmaceutical purchasing organization. Plaintiff claims that the defendants have conspired to limit competition among area pharmaceutical wholesalers and otherwise interfere with its ability to secure contracts for its goods and services. Both defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, defendants' Motions to Dismiss are DENIED.

### I. Background

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted). When ruling on a motion to dismiss for failure to state a claim, the Court is required to accept as true all well-pled, material facts alleged in the complaint. *See Frasier v. General Electric Co.*, 930 F.2d 1004, 1007 (2d Cir.1991).

■ As in any other case, notice pleading is all that is required to state a valid antitrust claim. *See Municipal Utilities Board of Albertville v. Alabama Power Co.*, 934 F.2d 1493, 1501 (11th Cir.1991). The Court may not weigh evidence which might be presented at a later stage in the proceedings; it must only determine whether the complaint is legally sufficient. *See Goldman v. Belden*, 754 F.2d 1059, 1066–67 (2d Cir. 1985). In addition, the Supreme Court has suggested that dismissal should be granted sparingly in antitrust cases because proof is often in the hands of the alleged conspirators. *See Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976).

For the purpose of deciding the instant motions, the Court accepts the following allegations as true. The plaintiff, Burlington Drug Co., is engaged in the business of selling wholesale hospital pharmaceuticals in a market area consisting of Vermont, New Hampshire, Maine and New York. Complaint (paper 1) at paras. 4, 13 and 14.

Defendant VHA, Inc. is a group purchasing organization whose members include teaching hospitals. Complaint at para. 5. VHA also maintains affiliations with non-member hospitals which are permitted to participate in VHA's group purchasing programs. Complaint at para. 6.

VHA operates a "hospital pharmaceutical program" under which VHA's members and affiliates can purchase pharmaceuticals at prices determined by contracts which VHA makes with pharmaceutical manufacturers. Complaint at para. 16. In 1988, VHA entered into a five-year contract with defendant Cardinal Health, Inc. Complaint at para. 19. Like the plaintiff, Cardinal Health is engaged in the business of providing wholesale hospital pharmaceuticals throughout the United States, including this market area. Complaint at para. 7.

According to the plaintiff, the intent and effect of the defendants' agreement is that Cardinal Health has become the exclusive wholesale distributor of all hospital pharmaceuticals purchased in this area under the VHA hospital pharmaceutical program. Complaint at paras. 13, 14, 20. VHA member and affiliate hospitals own and control between 30% and 50% of all hospital beds in the relevant market area. *See* Complaint at para. 21. Therefore, viewing the complaint liberally, one can infer that the defendants control a substantial portion of hospital pharmaceutical sales in the market area alleged by the plaintiff.

VHA has refused to permit any wholesale druggist other than Cardinal Health to distribute pharmaceuticals under its hospital pharmaceutical program. Complaint at para. 24. Moreover, VHA and its members and affiliates have refused to purchase pharmaceuticals from Burlington Drug or any other wholesaler, regardless of the price or quality of service offered. Complaint at para. 25. The plaintiff claims that this exclusive dealing arrangement between VHA and Cardinal Health has foreclosed competition among wholesale druggists in the relevant market and has caused Burlington Drug to lose sales and profits. Complaint at paras. 26 and 28. The plaintiff asserts that the defendants' actions violate the Sherman Act, 15 U.S.C. § 1 and the Clayton Act, 15 U.S.C. § 14, and constitute tortious interference with its contractual relations.

## II. Discussion

### A.

■ In Counts I and III, the plaintiff alleges that the defendants have conspired to violate 15 U.S.C. § 1. In relevant part, section 1 provides: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."

To state a claim under section 1, the plaintiff must allege "injury of the type the anti-

trust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Juster Assoc. v. City of Rutland, Vt.,* 901 F.2d 266, 269 (2d Cir.1990) (citation omitted). The parties agree that the plaintiff's claims under section 1 must be evaluated using the "Rule of Reason" analysis. Under the Rule of Reason, the basic inquiry is "whether the challenged agreement is one that promotes competition or one that suppresses competition." *National Society of Professional Engineers v. United States,* 435 U.S. 679, 691, 98 S.Ct. 1355, 1365, 55 L.Ed.2d 637 (1978).

The defendants urge the Court to view the plaintiff's complaint as plaintiff's attempt to receive compensation for its inability to compete. It is true that an agreement between other parties which results in increased competition and reduced profits does not necessarily constitute an antitrust injury to a plaintiff. *Id.* at 269. However, liberally construed, the instant complaint suggests that the defendants' actions have resulted in the inability of member hospitals to purchase from Burlington Drug or other wholesalers. *See* Complaint at para. 23 ("Notwithstanding requests ... by its own member and affiliate hospitals, VHA has refused and refuses to permit any wholesale druggist other than Cardinal to distribute pharmaceuticals purchased under VHA's hospital pharmaceutical program....") The plaintiff also has alleged injury resulting from its own inability to compete in the relevant market allegedly controlled by the defendants. *See* Complaint at para. 21. These arguably are the types of injuries which the antitrust laws were intended to prevent. *See Capital Imaging Assoc, P.C. v. Mohawk Valley Medical Assoc., Inc.,* 996 F.2d 537, 543 (2d Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 388, 126 L.Ed.2d 337 (1993) (Antitrust injury has an actual adverse effect on competition as a whole in the relevant market.) The plaintiff's complaint is sufficiently specific to state a claim under 15 U.S.C. § 1.

### B.

In Count II, the plaintiff alleges that the distributing contract between VHA and Cardinal Health constitutes and "unlawful exclusive dealing contract" which violates 15 U.S.C. § 14. In relevant part, 15 U.S.C. § 14 provides: "It shall be unlawful for any person engaged in commerce ... to lease or make a sale or contract for sale of goods ... on the condition, agreement or understanding that the lessee or purchaser thereof shall not use or deal in the goods ... of a competitor or competitors of the lessor or seller, where the effect ... may be to substantially lessen competition or tend to create a monopoly in any line of commerce."

Courts have "interpreted this statute to mean that exclusive dealing agreements are not per se illegal, but are prohibited only if performance of the arrangement will foreclose competition in a substantial share of the affected line of commerce." *Advanced Health–Care Services, Inc. v. Radford Community Hospital,* 910 F.2d 139, 151 (4th Cir. 1990). As noted *supra,* the complaint sets forth factual allegations which, if proven, suggest that the defendants' agreement has foreclosed competition in the market area alleged by the plaintiff. Therefore, the plaintiff's complaint is sufficient to state a claim under 15 U.S.C. § 14.

### C.

Finally, in Count IV, the plaintiff alleges that VHA and Cardinal Health intentionally interfered with its contractual relations with its hospital customers. Vermont has recognized the tort of intentional interference with contractual relations. *See Vermont National Bank v. Dowrick,* 144 Vt. 504, 481 A.2d 396, 399 (1984). To be liable for interference with a contractual relationship, the defendant must have intentionally and improperly induced or caused another not to perform under its contract with the plaintiff. *Williams v. Chittenden Trust Co.,* 145 Vt. 76, 484 A.2d 911, 913 (1984). However,

> [t]he remedy afforded is not restricted to definite and enforceable contracts. Protection is appropriate against unjustified interference with reasonable expectancies of profit though the contract is terminable at will or unenforceable against the promisor in an adversary proceeding. The added element of a definite contract may be

the basis for greater protection but it is not an essential element.

*Mitchell v. Aldrich,* 122 Vt. 19, 163 A.2d 833, 836 (1960).

The instant complaint fails to identify any existing contract between the plaintiff and another entity with which the defendants have interfered. However, its allegations suggest that the defendants have wrongfully and intentionally caused others not to enter into prospective contractual relations with the plaintiff. *See Williams,* 484 A.2d at 914 n. 3. At this time, the Court cannot conclude as a matter of law that the plaintiff has failed to state a claim for tortious interference with business relations.

### *Conclusion*

The defendants eventually may be proven correct in their assertion that plaintiff's injuries are the result of its inability to compete in the marketplace, and not a result of an antitrust violation. *See Balaklaw v. Lovell,* 14 F.3d 793 (2d Cir.1994). However, at this stage, the Court cannot reach such a conclusion.

The Motions to Dismiss are DENIED.

SO ORDERED.