Susan R. FRASIER, Plaintiff–Appellant,

v.

GENERAL ELECTRIC COMPANY, Defendant–Appellee.

No. 1108, Docket 90–7970.

United States Court of Appeals, Second Circuit.

Submitted March 7, 1991.

Decided April 12, 1991.

Susan R. Frasier, Schenectady, N.Y., plaintiff-appellant pro se.

Solin, Breindel & Berger, Albany, N.Y. (Daniel R. Solin, Albany, N.Y., on the brief), for defendant-appellee.

Before KAUFMAN, KEARSE and PRATT, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff *pro se* Susan R. Frasier, a former employee of defendant General Electric Company ("GE"), appeals from an order of the United States District Court for the Northern District of New York, Con. G. Cholakis, *Judge*, denying her motion for reconsideration of an earlier order dismissing her complaint for damages from GE for allegedly discriminatory employment practices in violation of the Equal Protection Clause of the United States Constitution, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (1988) ("FLSA"), and a criminal civil rights statute, 18 U.S.C. § 241 (1988). Although the court correctly ruled that the complaint did not state a federal claim on which relief may be granted, we conclude that the court should have allowed Frasier the opportunity to file an amended complaint, asserting a claim under the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA").

## I. BACKGROUND

Frasier's complaint, filed on July 11, 1990, alleged that Frasier had been employed by GE from June 1977 to September 1988 in a variety of positions relating to computer sciences. The complaint alleged principally (1) that Frasier had become sick, sore, lame, fatigued, and distressed as a result of improper work assignments delegated by incompetent managers negligently hired and trained by GE; (2) that she was denied promotions, job titles, salary increases, and staff assistance that she had earned or had been promised, and that these denials were the consequence of "gender-based prejudice" that resulted from GE's negligent hiring and training of managers; (3) that one of the managers had falsified information in Frasier's personnel record and that some salary increases she received were less than they should have been as a result of GE's gender discrimination; and (4) that she was as skilled as certain temporary consultants hired by GE and that she was denied "equal pay for equal work." The complaint also alleged that Frasier had suffered health problems as a result of the chain-smoking of one manager, and financial problems as a result of the pressure placed on her by another manager to work long hours.

GE promptly moved under Rule 12(b)(6) to dismiss the complaint on grounds of, *inter alia*, statute of limitations and failure to state a claim. GE argued that insofar as the complaint sought to assert a claim under the EPA, its allegations were conclusory and the complaint was defective because (1) it was "entirely devoid of any

allegation that this unequal pay was based upon a sexually discriminatory motive, intent or practice [or that] GE paid plaintiff a different wage than it paid male employees for equal jobs," and (2) there was no allegation that GE knew or should have known of its employees' biases. GE also argued that the action was not timely because the complaint did not allege that GE's conduct was willful and the action was not brought within two years of that conduct. *See* 29 U.S.C. § 255(a) (two-year limitations period for nonwillful violations).

In opposing GE's motion, Frasier responded that she had not sought to state a claim under the EPA, though she had cited 29 U.S.C. § 206 in an effort to invoke federal jurisdiction. At the hearing on the motion, she stated that she was not certain as to the pertinent legal bases for her suit, and her responses were vague when the court inquired whether she had meant to state a claim of gender discrimination:

> THE COURT: But you don't allege that they did any of these things because of sex, sex discrimination.
>
> FRASIER: This is one of the reasons why I'm asking federal jurisdiction. There is going to be a requirement of probably some scrutiny about the language of what [one GE manager] said, what his intent was, what his motives were. This was followed by a long list of other events that gave me the sense and the feeling he was basically saying he didn't want women as a manager. There were no women managers at that time, and this has been an issue with G.E. before.
>
> THE COURT: Of course, you don't allege any of this in your complaint.
>
> FRASIER: Well, the complaint I did the best I could with the skill sets that I had, and I was focused on, in fact, the page limit....
>
> ....
>
> .... [T]hat was my fear at the time was just to convey a message that I did have a complaint and that it was balanced so far as I could tell, and I would follow through with any modifications that may be needed later.

(Hearing Transcript, September 21, 1990 ("Tr."), 6–7.)

At the conclusion of the hearing, the district court granted GE's motion to dismiss. The court ruled that Frasier had failed to state a claim under the EPA:

> Although plaintiff alleges she was paid less than the worth of her services warranted, that a male was given the permanent managerial position to which she believed she was entitled and that temporary consultants were paid more than she was for comparable work, she makes no showing that any male employee performed equal work and was paid more than plaintiff. Being paid less than services are worth has not been demonstrated here to be the result of gender-based discrimination.
>
> The temporary consultants on [sic] which plaintiff complains are not identified by gender nor even if it were likely they performed similar services under similar working conditions. Finally there are no allegation [sic] that the male was given the permanent managerial position due to some gender-based discriminatory intent.

(Tr. 13–14.) Noting that there was no diversity jurisdiction, and declining to exercise pendent jurisdiction, the court also dismissed Frasier's state-law claim for negligent hiring or retention of managerial personnel.

Frasier moved for reargument, arguing that exhibits to the complaint documented her allegation of inequality of work distribution without a comparable increase in pay and without the normal job title. In a Memorandum Decision and Order dated October 22, 1990 ("October 22 Order"), the court denied reargument, stating as follows:

> Contrary to her original motion, in which she stated unequivocally that she was not bringing an action under the Equal Pay Act, ... plaintiff alleges that, as the unit leader and sole worker assigned to a Systems Engineering Unit, she was required "with no comparable increase in pay," to do more work than male unit leaders who had support

staff.... Plaintiff does not discuss what the other leaders were paid. She does not allege specifically that she was paid less money for the same work, which is what the Equal Pay Act protects against. *See* 29 U.S.C. § 206(d)(1). With due regard to the *pro se* status of plaintiff, her papers allege, at most, that she was paid less than warranted by the amount of work she performed. The papers do not allege that males performing equal work received more remuneration than did she.

October 22 Order at 2.

Final judgment was entered on October 29, 1990. Frasier has appealed, seeking review of the October 22 Order.

## II. DISCUSSION

On this appeal, Frasier contends that the district court erred, *inter alia,* in failing to construe her pleading with the degree of liberality appropriate to a *pro se* litigant, in dismissing her complaint for failure to state a claim under the EPA, and in denying her motion for reargument. Most of Frasier's arguments are meritless and do not require discussion, and we affirm the dismissal of the complaint. Nonetheless, for the reasons below, we conclude that the dismissal should have been without prejudice, in order to allow Frasier the opportunity to file an amended complaint asserting, if she can do so in good faith, a claim under the EPA.

The EPA, which is part of the FLSA, provides, in pertinent part, that

[n]o employer having employees subject to any provisions of [§ 6 of the FLSA] shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system;

(ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.... 29 U.S.C. § 206(d)(1). In order to establish a prima facie case under the EPA, a plaintiff has the burden of showing that the employer paid different wages to employees of opposite sexes in the same establishment for equal work on jobs whose performance requires equal skill, effort, and responsibility. *Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974).

██ In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true, *see, e.g., Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964) (per curiam), and not to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court should construe a *pro se* complaint liberally, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and should not dismiss without granting leave to amend at least once when the complaint gives "any indication that a valid claim might be stated." *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991); *see also* Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"); 3 *Moore's Federal Practice* ¶ 15.08[4], at 15–65 (2d ed.1990); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (generally, permission to amend should be freely granted).

██ We have no difficulty with the district court's dismissal of the present complaint, for the allegations are not sufficient to state any federal claim upon which relief may be granted. Our difficulty lies in the court's not granting Frasier leave to amend. Although Frasier stated initially that she had not intended to state an EPA claim, it is plain that the complaint contained the seeds of such a claim. It alleged, for example, that Frasier "was not

receiving equal pay for equal work." Though this allegation was too conclusory to withstand a motion under Rule 12(b)(6), it was sufficient to warrant granting leave to amend, permitting Frasier to state facts showing that male employees assigned the same work as she were paid more, in violation of 29 U.S.C. § 206(d).

▮ Further, though GE argued that the complaint was flawed because it compared Frasier's pay with that of temporary consultants, rather than with the pay of other "employees," the determination of whether an individual is an "employee" within the meaning of the FLSA, of which the EPA is part, requires "[a] full inquiry into the true economic reality" of the employment relationship based on a "particularized inquiry into the facts of each case." *Carter v. Dutchess Community College,* 735 F.2d 8, 13–14 (2d Cir.1984). Although the permanence or intended duration of the employment relationship is one of several factors to be considered as part of this "economic reality" test, no single factor is dispositive. *See Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1059 (2d Cir.1988); *see also Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730, 67 S.Ct. 1473, 1477, 91 L.Ed. 1772 (1947) (determination of "employee" status for FLSA purposes does not depend on "isolated factors but rather upon the circumstances of the whole activity"). On the present record, it was not beyond the realm of possibility that Frasier might be able to adduce facts and evidence to suggest that the pertinent consultants should be deemed employees within the meaning of the EPA.

In rejecting the EPA contentions made in Frasier's motion for reargument and dismissing the complaint without leave to amend, the district court plainly was influenced by the fact that Frasier had stated, in her initial response to GE's motion, that she had not meant to state an EPA claim. If Frasier had not sought to resurrect that claim prior to the entry of final judgment, we would have sympathy for the district court's decision to hold her to her prior position. Here, however, judgment had not been entered; Frasier had clearly indicated in response to the motion to dismiss that she did not understand the possible federal bases for a claim; she had timely moved for reconsideration of the order of dismissal and sought to pursue the EPA claim; and she was a *pro se* litigant who normally should be given an opportunity to file an amended complaint where the seeds of a claim appear in the initial complaint. We conclude that, in accordance with the spirit of Rule 15 and the teaching of *Foman v. Davis,* the court should have given her an opportunity to state the facts underlying her allegation that she "was not receiving equal pay for equal work" (complaint at 7–8), rather than entering a final judgment penalizing her for failing to "allege specifically that she was paid less money for the same work," October 22 Order at 2.

We note the possibility that Frasier, who was employed by GE from June 1977 to September 1988, and who filed her complaint on July 11, 1990, may not be able to state an EPA claim capable of withstanding a motion to dismiss on statute-of-limitations grounds. Such a claim normally must be asserted within two years of its accrual, 29 U.S.C. § 255(a), "except that a cause of action arising out of a willful violation may be commenced within three years," *id.* A violation is willful within the meaning of the FLSA if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988). To the extent that Frasier has an EPA claim that accrued prior to July 11, 1987, such a claim would be barred even if GE's conduct was willful. Further, to the extent that Frasier cannot in good faith allege that GE's conduct was willful, she will not be able to assert a viable claim with respect to conduct that occurred prior to July 11, 1988. Nonetheless, she should be afforded the opportunity to assert such EPA claims as she in good faith can.

## CONCLUSION

For the foregoing reasons, we vacate the judgment of the district court and direct

that a new judgment be entered stating that the dismissal is without prejudice to the filing of an amended complaint asserting Equal Pay Act claims within such reasonable period as the district court shall allow.