**Eric STOCKMAR & Anthony R. Pasqua**

v.

**The WARREC COMPANY & Anthony Recchia.**

**Civ. No. 5:92CV00680 (AHN).**

United States District Court, D. Connecticut.

Feb. 10, 1994.

Charles Goldberger, McCullough, Goldberger & Staudt, White Plains, NY, for plaintiffs.

David P. Freedman, Zeldes, Needle & Cooper, Bridgeport, CT, for defendants.

### RULING ON MOTION TO DISMISS

NEVAS, District Judge.

The plaintiffs, Eric Stockmar and Anthony Pasqua ("plaintiffs"), bring this diversity action against the defendants, The Warrec Company ("Warrec") and Anthony Recchia ("Recchia"), for unpaid wages, costs, medical benefits, commissions and bonuses pursuant to Connecticut General Statutes §§ 31–71a, 31–72. The complaint alleges three counts against Warrec, and one count against Recchia.

Presently, Recchia moves to dismiss the single count against him pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the basis that Conn.Gen.Stat. § 31–72 does not provide for a cause of action against a corporate officer. For the reasons that follow, Recchia's motion to dismiss [doc. # 6] is GRANTED, and the plaintiffs are given leave to amend their complaint.

### STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court is required to accept as true all factual allegations in the complaint and draw inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Easton v. Sundram,* 947 F.2d 1011, 1014–1015 (2d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegation, it is clear that no relief can be

granted. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Frasier v. General Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir.1991). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990), citing *Scheuer,* 416 U.S. at 232, 94 S.Ct. at 1683.

## FACTS

With this standard in mind, the facts are as follows. Warrec is a Delaware corporation authorized to do business in Connecticut and Recchia was the president and chief executive officer of the company. Plaintiffs were employed by the company pursuant to contracts under which they received salary and medical benefits and were entitled to commissions, bonuses and travel expenses.

In September, 1991, Warrec stopped paying the plaintiffs on a regular basis, and by January, 1992, Warrec completely ceased paying plaintiffs their salary, medical benefits or travel expenses. On June 29, 1992, Warrec terminated plaintiffs with back salary and benefits due and owing. Specifically, at the time of their terminations, Pasqua was owed approximately $74,742.00 and Stockmar approximately $52,674.00. Plaintiffs allege that Recchia, acting in bad faith, knowingly withheld their salary and benefits from them.

## DISCUSSION

The plaintiffs claim that Recchia's failure to pay their wages subjects Recchia, as well as Warrec, to liability for double damages, court costs and attorney fees pursuant to Conn.Gen.Stat. § 31–72.[1] Recchia argues that neither the express nor implied terms of Conn.Gen.Stats. §§ 31–71a, 31–72 provide an employee with a cause of action against corporate officers, such as himself, and therefore, the plaintiffs' claim against him must be dismissed. The court agrees.

---

1. Conn.Gen.Stat. § 31–72 provides, in part: "When any employer fails to pay an employee wages in accordance with the provisions of sections 31–71a to 31–71i, inclusive ..., such em-

The Connecticut courts are split on the issue, presented here, whether corporate officers may be held personally liable under Conn.Gen.Stat. § 31–72. Among the five opinions addressing this issue, three have held that individual corporate officers or agents may be liable under the statute. *See Grossman v. Centaur Sciences, Inc.,* 14 CLT 40, 760 (Oct. 10, 1988) (Cioffi, J.); *Sullivan v. Progress Builders, Inc.,* 1990 WL 283802, 1990 Conn.Super. LEXIS 887 (Aug. 20, 1990) (Byrne, J.); *Fostervold v. Packet/P.C., Inc.,* 1993 WL 7262, 1993 Conn.Super. LEXIS 39 (January 7, 1993) (Wagner, J.). These cases relied, not on the express language of the statute, which is ambiguous as to this issue, but on the public policy embodied by the statute.

As the court in *Sullivan* stated:

> Given the fact that Connecticut does provide for a civil remedy for wrongfully withholding wages, this court holds that any party who specifically causes wages to be withheld from an employee is held individually accountable to the employee whether that person was acting in a corporate capacity or not. This is not holding corporate officials individually responsible for corporate debts under this circumstance. Individual responsibility is founded not upon an action in debt, but instead is predicated upon a violation of public policy embodied in a statute.

*Sullivan v. Progress Builders, Inc.,* 1990 WL 283802, at *2, 1990 Conn.Super. LEXIS 887, at *2 (citing *Grossman v. Centaur Sciences, Inc.,* 14 CLT 40 at 760).

The courts in *Hutto v. Corroon & Black of Connecticut, Inc.,* 1991 WL 32027, 1991 Conn.Super. LEXIS 403 (Feb. 27, 1991) (Mottolese, J.), and *Dimesky v. Thumlert,* 1991 WL 112849, 1991 Conn.Super. LEXIS 1422 (June 10, 1991) (Stengel, J.), however, rejected this reasoning and found that extending § 31–72 liability to individual corporate officers was inconsistent with the legislative intent underlying the statute. Moreover, in a subsequent ruling in *Sullivan v.*

---

ployee ... may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court."

*Progress Builders,* Judge Healy disagreed with Judge Byrne's earlier ruling in the case and found that public policy did not mandate personal liability for unpaid wages under the statute. *Sullivan,* 1991 WL 139829, *1, 1991 Conn.Super. LEXIS 1681, *3 (July 18, 1991) (Healey, J.) ("I hesitate to hold corporate officers personally liable for unpaid wages because this would impose liability if a corporation went broke.") (*"Sullivan II"*). Instead, Judge Healey found that the corporate officers were subject to personal liability as alter egos of the corporation. *Id.* at *2, 1991 Conn.Super. LEXIS 1681 at *6. The court finds these latter precedents better reasoned and more persuasive.

A.  *Legislative Intent*

First, the court agrees that the plaintiffs' interpretation of the statute is not supported by the legislative intent underlying the statute. § 31–72 allows an employee to recover double damages from the employer for failure to pay wages. "Employer" is defined for the purposes of this statute as,

> any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased person, the conservator of the estate of an incompetent, or the receiver, trustee, successor or assignee of any of the same, employing any person, including the state and any political subdivision thereof.

Conn.Gen.Stat. § 31–71a.

As it is unclear whether corporate officers are included within this definition, the court must construe § 31–72 " 'so as to ascertain and give effect to the apparent intent of the legislature.' " *See Shortt v. New Milford Police Department,* 212 Conn. 294, 300, 562

A.2d 7 (1989) (interpreting the term corporation in § 31–71a to exclude a municipal corporation) (citation omitted); *see also Hutto,* 1991 WL 32027, at *1, 1990 Conn.Super. LEXIS 403, at *2 ("Statutes should be construed to give effect when possible to legislative intent [, and] [t]he legislature intended to create a cause of action against an employer as it has defined that term.")

The Connecticut Supreme Court has instructed that in ascertaining statutory intent, the court should "deem the legislature to have intended to harmonize its enactment with existing common law and statutory requirements." *Shortt,* 212 Conn. at 300, 562 A.2d 7. Yet individual liability under § 31–72 does not jibe with related common law principles, under which corporate officers are considered separate and distinct from the corporate entity.[2]

Nor is holding corporate officers liable for double damages under § 31–72 in harmony with other statutory provisions. As Recchia points out, § 31–71g specifically provides a criminal penalty for corporate officers who have neglected to pay employee wages.[3] If the legislature had wished to provide similar liability for corporate officers under § 31–72, · it clearly knew how to do so.[4]

In addition, as the *Dimesky* court recognized, "[i]f corporate officers were held personally liable [under the statute] on a public policy theory, they could be exposed to unlimited liability." *Dimesky,* 1991 WL 112849, at *2, 1991 Conn.Super. LEXIS 1422, at *4. Surely, had such extended liability been intended, it would have been provided for in the express terms of the statute. *Accord Dimesky,* 1991 WL 112849, at *2, 1991

---

**2.**  The court in *Mitchell v. Hotchkiss,* 48 Conn. 9, 18 (1880), explained:

> But conceding the lawful organization and existence of the corporation, the existence of all its members, officers as well as stockholders, so far as its transactions are concerned, become merged in the artificial being, so that in contemplation of law they are utter strangers to those who deal with the corporation; and as stockholder and officers they are never liable except so far as the law makes them liable.

*See also* 18B AmJur2d, Corporations § 1829.

**3.**  Conn.Gen.Stat. § 31–71g states:

> Any employer or any officer or agent of an employer or any other person authorized by an employer to pay wages who violates any provision of sections 31–71a to 31–71i, inclusive, may be fined not less than two hundred nor more than one thousand dollars or imprisoned not more than thirty days or both for each offense.

**4.**  Moreover, the statute was amended in 1987 such that the legislature could have clarified its intent to bring corporate officers within the statutory scope if the failure to do so originally was merely an oversight. *See* Public Acts 1987, No. 87–366, § 2.

Conn.Super. LEXIS 1422, at *4. For example, § 31–89a, which creates a cause of action to collect past due payments to employee welfare funds, expressly provides that "the officers or directors of any corporation which fails to pay such contributions when due, whether or not such officers or directors were made responsible ... for the payment of such contributions, shall be personally liable in a civil action...." Conn.Gen.Stat. § 31–89a(b). Indeed, the legislature clearly had § 31–72 in mind when it provided for individual liability under § 31–89a, as it stated that "funds shall be considered as wages for the purpose of 31–72." § 31–89a(a). The statute thus suggests that the legislature intended to extend civil liability to individual corporate officers only for past due contributions to employee welfare funds, and not for other past due wages, such as those at issue here.

### B. *Existence of Alternative Avenue of Relief*

Furthermore, the remedial purpose of the statute does not require the court to recognize the claim against Recchia, as the case law cited by the plaintiffs might suggest. In *Grossman*, 14 CLT 40, at 760; *Sullivan*, 1990 WL 283802, 1990 Conn.Super. LEXIS 887 and *Fostervold*, 1993 WL 7262, 1993 Conn.Super. LEXIS 39, the courts held that the policy underlying § 31–72 required application of the statute to corporate officers where such officers specifically caused the withholding of wages. By holding to the contrary here, the court in no way intends to immunize corporate officers to liability for wielding their control in bad faith. However, it is not necessary to construe § 31–72 beyond its intended meaning to place liability on a corporate officer who is guilty of wrongdoing. Rather, as in *Sullivan II*, a similar result can be obtained by piercing the corporate veil to establish alter ego liability.[5] In

light of this alternative avenue of recovery, the court sees little reason to recognize a cause of action under § 31–72 that is neither expressly nor implicitly created by the statute. Therefore, the count against Recchia shall be dismissed, and plaintiffs shall be given leave to amend their complaint to allege an alter ego theory of liability, as they have requested.

### CONCLUSION

Based on the foregoing, Recchia's motion to dismiss the first count against him [doc. # 6] is GRANTED, and plaintiffs are granted leave to amend their complaint accordingly. Such amended complaint shall be filed no later than February 25, 1994.

SO ORDERED.

---

5. The corporate veil may, for example, be pierced when:

1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of·policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; 2) that such control must

of been used by the defendant to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or dishonest or unjust act in contravention of plaintiff's legal rights; and 3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.
*Saphir v. Neustadt*, 177 Conn. 191, 210, 413 A.2d 843 (1979).