**John SHANNON and Virginia Shannon, Plaintiffs,**

v.

**MTA METRO–NORTH RAILROAD, Leonard W. Maglione, Janet Williams, William G. Lehn, Robert E. Lieblong, and Roger G. Klopfer, Defendants.**

No. 94 Civ. 7707 (KTD).

United States District Court, S.D. New York.

Jan. 31, 1996.

---

Walter A. Kretz, Jr., Scoppetta & Seiff, New York City, for John Shannon, Virginia Shannon.

### MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

By this action brought for alleged civil rights violations and state law claims, the plaintiff, John Shannon, attempts to do an end run around the Railway Labor Act ("RLA") and the fact that he has lost a number of disciplinary actions adjudicated under the Arbitration and Dispute Resolution provisions of the RLA, 45 U.S.C. § 153 First, 181. The claim by Virginia Shannon for loss of consortium is totally dependent on the claims of her husband and so falls with John Shannon's asserted causes of action.

During all of the relevant period John Shannon was a supervisory employee of the MTA, working in the Metro North Division thereof. As a supervisor, Shannon was a member of the American Railway & Supervisors Association ("ARSA") and was covered by a collective bargaining agreement between ARSA and the MTA pursuant to Section 2 of the RLA, 45 U.S.C. § 152.

The genesis of the instant action can be found in a simple exercise of a seniority right by the plaintiff, during the downsizing of the defendant railroad. In 1990, Shannon sought to displace an employee of lesser seniority but was prevented from doing so by his then supervisor, the defendant Maglione. Assertedly, Maglione not only denied plaintiff's seniority rights, but also verbally abused him in front of other employees. Shannon, then represented by the same counsel as now, filed a grievance and also wrote a letter complaining about Maglione to the President of Metro–North. Metro–North's Management resolved the grievance by giving the plaintiff his seniority rights and reprimanding Maglione without the need to process the grievance formally.

The defendants have now moved to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, since court involvement is allegedly pre-empted by the RLA arbitration and dispute resolution procedures, or alternatively under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### Discussion

■ The plaintiff claims that this action is not pre-empted by the RLA but fits within the exception created by the U.S. Supreme Court in *Hawaiian Airlines, Inc. v. Norris,* —— U.S. ——, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994). *Hawaiian Airlines* held that an action by an employee against his employer for a claim the resolution of which did not involve any interpretation of the collective bargaining agreement was not pre-empted by the RLA.

Plaintiff's chief contention is that the writing by him of the letter complaining about Maglione to the President of the railroad constituted an exercise in "free speech". He further contends that the defendants have retaliated against him because of his exercise of that constitutionally guaranteed right. It is his further contention that his claim is not time-barred because the retaliation is of a continuing nature.

■ In the *Hawaiian Airlines* case, the Court held that the only state-law claims that are pre-empted by the RLA are those claims that rely solely on an interpretation of the collective bargaining agreement involved. State-law causes of action that involve rights and obligations independent of the collective-bargaining agreement are not pre-empted by the RLA. *Hawaiian Airlines,* —— U.S. at ——, 114 S.Ct. at 2248; *see also, Gay v. Carlson,* 60 F.3d 83 (2d Cir.1995). This same limitation of pre-emption applies to federal claims arising outside the collective bargaining agreement. *See Hawaiian Airlines,* —— U.S. at ——, 114 S.Ct. at 2247.

The Court determined that purely factual questions about an employee's conduct or an employer's conduct and motive do not require courts to interpret any terms of the collective-bargaining agreement. *Id.* Under the current state of the law, the federal and state law claims alleged by Shannon would not require interpretation of the collective-bargaining agreement, and, therefore, are not pre-empted by the RLA.

In determining a defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted, all factual allegations in the complaint must be construed in favor of the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint may be dismissed pursuant to Rule 12(b)(6) only if the plaintiff can prove no set of facts that would entitle him to relief. *Frasier v. General Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir.1991), (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). Consequently, for purposes of this motion to dismiss, all allegations in Plaintiff's complaint must be presumed true. *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1052 (2d Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994).

I conclude that the plaintiff has failed to state a claim under 42 U.S.C. § 1983—his only federal claim. Plaintiff's § 1983 action is based upon alleged continuing retaliation on the part of the defendant Maglione and others for the plaintiff's exercise of free speech in writing the letter to the President of Metro–North. In order for a public employee's claim of free speech to withstand a motion to dismiss on the pleadings, he must establish that his speech concerned a matter of public concern and that the speech was a motivating factor in the retaliation. *See Sheppard v. Beerman,* 18 F.3d 147, 151 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994), *citing, Frank v. Relin,* 1 F.3d 1317, 1330 (2d Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 604, 126 L.Ed.2d 569 (1993). The determination of whether speech is a matter of public concern is a question of law, which should be considered on the basis of "the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers,* 461 U.S. 138, 147–48, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983).

A public employee's speech is fairly characterized as a matter of public concern where the speech, "relat[es] to any matter of political, social, or other concern to the community." *Id.* at 146, 103 S.Ct. at 1690. Where the speech does not relate to such matters, "government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment." *Id.* The Supreme Court has held that

> "when a public employee speaks not as a citizen on matters of public concern, but instead as an employee on matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior."

*Id.,* 461 U.S. at 147, 103 S.Ct. at 1690.

The alleged exercise of free speech in this case did not involve matters of public concern. Rather, it involved a matter of purely private interest namely, "the failure of [Shannon's] immediate supervisors to respect his seniority right or to take appropriate action in furtherance of it." (Compl. ¶ 2). The fact that the plaintiff is not satisfied with the manner in which Metro–North handled his grievance does not mean that he can recast his grievances under the rubric of a First Amendment violation.

The incident which is the basis of the plaintiff's constitutional claims is not a matter of public concern, and therefore, his constitutional claim fails as a matter of law. Defendants' motion to dismiss the § 1983 claim is granted.

I decline to exercise pendent jurisdiction over the remaining state law claims for intentional infliction of emotional distress and defamation. See 28 U.S.C. § 1367(c)(3). Plaintiff's motion to amend the complaint in this court to add an additional state law claim for "tortious interference with beneficial economic relations" is denied. The clerk is therefore ordered to enter judgment dismissing the complaint herein.

SO ORDERED.