Michael DALEY and Corrine
Daley, Plaintiffs,

v.

Keith HOYT, Harold French, and the
State of Connecticut Department
of Public Safety, Defendants.

No. 3:98–CV–493(WWE).

United States District Court,
D. Connecticut.

Oct. 20, 1998.

**340**

Lorenzo J. Cicchiello, Law Offices of Angelo Cicchiello, Norwich, CT, for Plaintiffs.

Robert Bishop Fiske, III, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT, for Defendants.

### RULING ON MOTION TO DISMISS

EGINTON, Senior District Judge.

### INTRODUCTION

This is an action, removed from state court, brought pursuant to 42 U.S.C. Section 1983 against Defendants Keith Hoyt ("Hoyt"), Harold French ("French") and the Connecticut Department of Public Safety ("DPS" or, collectively, "Defendants"). Plaintiffs Michael Daley ("MD") and Corrine Daley ("CD" or, collectively, "Plaintiffs") contend that Defendants Hoyt and French violated their constitutional rights pursuant to the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. DPS is alleged to have known of the violent and abusive methods in the performance by Hoyt and French while act-

ing in the course of their employment as state troopers, and ratifying same by taking no steps to prevent the alleged misconduct, correct their abuse of authority, or discourage their unlawful use of authority.

Defendants have moved to dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For purposes of this Ruling the facts as alleged by Plaintiffs are assumed to be true. *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964) (per curiam).

### STATEMENT OF RELEVANT FACTS

The Complaint is not a model of clarity. Therefore, the Court will summarize only those facts deemed necessary to an understanding of the issues in, and the decision rendered on, this Motion.

Apparently, there was a hit and run accident and Hoyt and French believed that MD may have been the operator, using CD's car. It is alleged, however, that in speaking with CD, Hoyt and French admitted to her that they did not have sufficient evidence linking her car to the accident. CD was, nevertheless, issued a summons for an unidentified motor vehicle violation, which violation was later nolled by the state's attorney's office. In the Second Count of the Complaint, this conduct, and interchange, is alleged to be in violation of CD's rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, § 1983, and unspecified statutes and laws of the State of Connecticut and is alleged to have caused, and continues to cause, extreme emotional pain and suffering.

The Complaint alleges in the First Count that MD "was approached" by Hoyt and French during the course of an investigation. The Court assumes that the investigation concerned the hit and run accident referred to in the Second Count. It is alleged that in the course of this meeting MD was suddenly physically attacked by Hoyt and French, handcuffed, "thrown" into the troopers' automobile and transported to Montville Troop E Barracks, where he was further assaulted, arrested, detained, charged and processed. The Complaint does not reveal what crime he

was arrested for or charged with, nor the status thereof. It is further alleged that French and Hoyt failed to provide MD with medical attention upon the conclusion of their attack on him.

The First Count asserts that these actions were in violation of MD's rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, § 1983, and unidentified statutes and laws of the State of Connecticut and caused MD to suffer severe bodily injuries, some likely to be permanent in nature, and to suffer, and continue to suffer, extreme emotional pain.

The Third Count of the Complaint pleads a state law assault. The Fourth Count pleads negligent infliction of emotional distress under state law.

The Fifth Count is brought against DPS. It is pleaded that DPS knew of and ratified the practice of using violence by the troopers of Troop E and took no action to prevent such official misconduct. Plaintiffs further contend that DPS knew of the aggressive tendencies of Hoyt and French, but took no steps to train them, correct their abuse of authority or discourage their unlawful use of authority. These defalcations are alleged to have deprived Plaintiff MD of rights secured by the Constitution of the United States and the State of Connecticut, including, but not limited to his right to be free from unjustified and excessive force utilized by the police. Although the Fifth Count is brought on behalf of both Plaintiffs, it fails to set forth how the actions alleged therein affected Plaintiff CD. She has failed to state a claim upon which relief may be granted under this Count. Fed.R.Civ.P. 12(b)(6). Although Plaintiffs cite the Connecticut Constitution, they fail to enumerate exactly what sections they refer to, so only the Federal Constitution will be considered in examining the claim. It is counsel's duty to draft a complaint which sufficiently apprises the Court of the claims therein. Here, this Court is left to speculate as to the pertinence of the State Constitution, a task this Court declines, lacking assistance from counsel.

## LEGAL ANALYSIS

### I. *The Standards of Review*

#### A. **Federal Rule of Civil Procedure 12(b)(6)**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws inference from these allegations in the light most favorable to the Plaintiffs. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). Dismissal is warranted only if, under any set of facts that the Plaintiffs can prove consistent with the allegations, it is clear that no relief can be granted. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Frasier v. General Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir.1991). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990) (*citing Scheuer,* 416 U.S. at 232, 94 S.Ct. 1683). Finally, bald assertions and conclusions of law will not enable a Complaint to survive a motion to dismiss for failure to state a claim, even though the relevant pleading standard is liberal. *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996).

### B. *42 U.S.C. § 1983*

42 U.S.C. Section 1983 states as follows, in pertinent part:

Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding by redress . . .

The statute was designed to deter state actors from using their authority to deprive

individuals of their federally guaranteed rights and ·to provide relief to victims if deterrence failed. *Wyatt v. Cole*, 504 U.S. 158, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992).

Section 1983 provides that a plaintiff may seek money damages and injunctive relief against a person who, under the authority of state law, deprives that plaintiff of any rights protected by the Constitution or laws of the United States.

In this case, there is no dispute that the Defendants acted under authority of state law. Thus, in order to prove a claim under Section 1983 in this case, the Plaintiffs must establish the following three elements:

First, the Plaintiffs must show that Troopers Hoyt and French and DPS operated to deprive them of their rights under the Constitution.

Second, Plaintiffs must show that all three Defendants acted negligently.

Third, Plaintiff must show that the Defendants' acts or omissions proximately caused the damages sustained by the Plaintiffs.

Plaintiffs must prove all three of these elements by a preponderance of the evidence in order to find the Defendants liable for a violation of Section 1983. If they fail to prove even one of them, they have no viable cause of action under Section 1983.

## II. *The Standards As Applied*

### 1. *The Claims Against Troopers Hoyt and French*

#### A. *The First Amendment*

■ Under the facts as pleaded, and examining them in the light most favorable to the Plaintiffs, the Court finds no cause of action warranting protection of the First Amendment in any Count, or under any factual allegation, of the Complaint. That Amendment, providing for freedom of speech and association, is not implicated in this case. The Motion to Dismiss as to the First Amendment claims of both Plaintiffs is GRANTED.

#### B. *The Fourth Amendment*

The Fourth Amendment, made applicable to the States by the Fourteenth Amendment, *Ker v. State of California*, 374 U.S. 23, 30, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."

■ Construed in the light most favorable to MD, he has pleaded a claim under the Fourth Amendment as to Hoyt and French. The conduct as alleged in the First Count is conduct which he is entitled to offer evidence on to support his claim. *Yale New Haven Hosp.*, 727 F.Supp. at 786. Thus, at this early point in this litigation, the Fourth Amendment claim as set forth by MD is viable and the Motion to Dismiss that claim as to MD is DENIED.

■ In contradistinction, however, CD has set forth no claim under the Fourth Amendment, as her claim is utterly devoid of any conduct of Hoyt and French which violates that Amendment. To permit her proceed under the facts as pleaded would be to stretch the Fourth Amendment beyond all permissible grounds. She fails to meet the first prong of a valid § 1983 claim, that is, that Hoyt and French operated to deprive her of her rights under the Fourth Amendment. Accordingly, that portion of Defendants' Motion seeking to dismiss CD's Fourth Amendment claim is GRANTED.

#### C. *The Fifth Amendment*

The Fifth Amendment to the Constitution provides in pertinent part:

No person shall ... be deprived of life, liberty, or property without due process of law. . . .

■ The Fifth Amendment applies to and restricts only the federal government. *Public Utilities Com'n v. Pollak*, 343 U.S. 451, 461, 72 S.Ct. 813, 96 L.Ed. 1068 (1952). Inasmuch as there is not claim against any entity of the federal government herein, Plaintiffs' claims under the Fifth Amendment are not viable and are hereby DISMISSED.

## D. *The Sixth Amendment*

The Sixth Amendment to the Constitution provides in pertinent part that:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . .

■ The Court is perplexed as to why this Amendment has been pleaded. It is patently clear that the Sixth Amendment is specifically limited to criminal prosecutions, which these claims are not. *Hannah v. Larche*, 363 U.S. 420, 440, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960). All claims asserted under the Sixth Amendment are hereby DISMISSED.

## E. *The Eighth Amendment*

■ The Eighth Amendment to the Constitution prevents "cruel and unusual punishment." The Eighth Amendment, however, only attaches when an individual receives a formal adjudication of guilt. *Ingraham by Ingraham v. Wright*, 430 U.S. 651, 670 n. 39, 40, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Inasmuch as the complaint is devoid of any claim required to bring the protection of the Eighth Amendment into play, all Eighth Amendment claims are hereby DISMISSED.

## F. *The Fourteenth Amendment*

The next inquiry is whether the Complaint sufficiently alleges a deprivation of liberty without substantive due process to withstand a motion to dismiss. It is beyond peradventure that a person has a substantive right not to be deprived of liberty.

■ But the requisite analysis does not stop there. *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) held that the due process clause was intended to "prevent governmental power from being 'used for purposes of oppression.'" *Daniels* at 331, 106 S.Ct. 662, *quoting Den ex dem Murray v. Hoboken Land and Improvement Co.*, 59 U.S. (18 How) 272, 277, 15 L.Ed. 372 (1856). *Accord DeShaney By DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) (due process clause intended to prevent abuse of power). Where a member of the public is harmed as a result of a government official's acts or failures to act, a constitutional violation is not generally found unless the government conduct is "sufficiently severe, sufficiently disproportionate to the need presented and so deliberate and unjustified a misuse of [authority] as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *McClary v. O'Hare*, 786 F.2d 83, 88 (2d Cir.1986).

■ Plaintiff's complaint is controlled by these principles and the Court finds that at this point in the litigation and viewing the complaint in favor of the Plaintiffs, MD has a potential claim under the Fourteenth Amendment, based on the allegations of Hoyt's and French's conduct as set forth in the First Count. The same cannot be said, however, of CD's claims in the Second Count. She has failed therein to meet these requirements in even a de minimus fashion. Hence, CD's claims under the Fourteenth Amendment are DISMISSED.

## 2. *The Claims Against DPS*

■ The Defendants' Motion as to the claims against the DPS is hereby GRANTED, as the Court lacks subject matter jurisdiction over such claims. DPS is an agency of the State of Connecticut. Pursuant to the Eleventh Amendment, a suit may not be maintained directly against the State or one of its agencies, unless the State consents to such suit. *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982). If the State, or agency thereof, is named directly in the Complaint but has not consented to the suit, it must be dismissed, inasmuch as it has not waived its Eleventh Amendment sovereign immunity. Since Plaintiffs have not pleaded that the State has consented to suit—and Defendant asserts that it has not—DPS must be DISMISSED from this action, as that agency enjoys sovereign immunity from suit and any action against it is proscribed by the Eleventh Amendment. *Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Assn.*, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981) (per curiam).

## CONCLUSION

The Motion to Dismiss [Doc. No. 5] is hereby GRANTED IN PART and DENIED IN PART. Those claims asserted by Plaintiff Michael Daley under the First, Fifth, Sixth and Eighth Amendments to the Constitution are DISMISSED. All claims of Plaintiff Corrine Daley are DISMISSED. The claim against the DPS is DISMISSED.

Plaintiffs' counsel is hereby directed to file an Amended Complaint in compliance with the dictates of this Ruling by November 16, 1998.

SO ORDERED.