John J. TIMMINS, Plaintiff,

v.

Frank TOTO, individually and as a Rockland Psychiatric Center Safety Officer of the Rockland Psychiatric Center, James Bopp, individually and as the Chief Executive Officer of the Rockland Psychiatric Center, Rockland Psychiatric Center, and New York State, Defendants.

No. 01 Civ. 3538(CM).

United States District Court, S.D. New York.

Nov. 5, 2001.

---

58

MEMORANDUM DECISION AND OR-
DER DENYING DEFENDANTS'
MOTION TO DISMISS THE COM-
PLAINT AS TO JAMES BOPP,
ROCKLAND PSYCHIATRIC CEN-
TER AND THE STATE OF NEW
YORK

MCMAHON, District Judge.

On April 26, 2001, Plaintiff John Tim-
mins filed a complaint with this court and
he filed an amended complaint on August
8, 2001. The amended complaint asserts
two causes of action.

The first cause of action is against non-
moving defendant Frank Toto, who, on
June 2, 1998, allegedly wrongfully stopped
Plaintiff, chased him in his vehicle, crashed
into Plaintiff's vehicle, and ran Plaintiff off
the road, all in violation of his Fourth and
Fourteenth Amendment rights under the
United States Constitution. Because
Toto's actions were allegedly taken under
color of his authority as a Rockland Psy-
chiatric Center Safety Officer, and because
Rockland Psychiatric Center is a New
York State-run facility, Plaintiff contends
that he was deprived of his constitutional
rights in violation of 42 U.S.C § 1983.

Plaintiff's second cause of action alleges
that the State of New York, the Rockland
Psychiatric Center ("RPC"), as employers,
and defendant James Bopp, as the Execu-
tive Director of RPC, failed to train and
supervise Toto properly, and that this fail-
ure resulted in the incident that violated
Plaintiff's rights. Therefore, Plaintiff con-
tends New York State, RPC and Bopp are
all liable for the physical, mental and emo-
tional harm caused by the unnecessary and
unlawful actions of Toto.

Plaintiff seeks compensatory damages in
the amount of $250,000 and punitive dam-
ages in the amount of one million dollars.
Plaintiff also asks for a declaration that he
is not liable to the State of New York for
any damages it may have suffered result-
ing from the events of June 2, 1998.

On September 9, 2001 Defendants filed
an answer to the amended complaint. On
the same day, defendants Bopp, RPC, and
the State of New York (hereinafter collec-
tively referred to as "the Moving Defen-
dants") filed a Notice of Motion to dismiss
the complaint pursuant to Rule 12(b)(6) of
the Federal Rules of Civil Procedure con-
tending: (1) that Plaintiff failed to allege
all of the necessary elements in order to
hold Bopp liable as an individual for pecu-
niary damages in a § 1983 action; and (2)
that the claims against RPC and New
York State should be dismissed because
they are barred by the sovereign immunity
provided by the Eleventh Amendment to
the United States Constitution. In con-
nection with this second point, the Moving
Defendants assert that the claim against
Bopp in his official capacity should be dis-
missed as well because the Eleventh
Amendment immunity provided to New
York State and RPC extends to him. The
Moving Defendants also ask that Plaintiff's
request for a leave to file a second amend-
ed complaint in order to allege alternative
bases of liability for Bopp be denied.

FACTUAL BACKGROUND:

Rule 12(b)(6) of the Federal Rules of
Civil Procedure provides for dismissal of a
complaint that fails to state a claim upon
which relief can be granted. The standard

of review on a motion to dismiss is heavily weighted in favor of the plaintiff. The Court is required to read a complaint generously, drawing all reasonable inferences from the complaint's allegations. *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 515, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." *Frasier v. General Electric Co.,* 930 F.2d 1004, 1007 (2d Cir.1991). The Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stewart v. Jackson & Nash,* 976 F.2d 86, 87 (2d Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

On June 2, 1998 at approximately 4:20 am, Plaintiff was driving with his passenger, Kevin Greco, on First Avenue in the Town of Orangeburg, New York. (Am. Compl.¶ 14.) Plaintiff believed that First Avenue was a road open to the public, even though a portion of the road runs through RPC property. (Id.¶ 13.) Defendant Toto, in his capacity a Safety Officer for RPC, stopped Plaintiff's vehicle without cause and proceeded to harass and threaten Plaintiff and his passenger. (Id. ¶ 11, 15, 16, 17.) Fearing for their safety, Plaintiff resumed driving on First Avenue. (Id.¶ 18.) At that point, Defendant Toto got in his car and gave chase. (Id.¶ 19.) He chased Plaintiff off of RPC property and into New Jersey, where he deliberately ran his car into Plaintiff's car causing the vehicle to go off the road. (Id.) Plaintiff was arrested and charged as a fugitive from justice with felonious assault and reckless endangerment in violation of the Penal Law of New York State. (Id.¶ 21.) Plaintiff plead guilty to the lesser charge of disorderly conduct. (Id.¶ 23.)

## THE MOTION TO DISMISS IS DENIED WITHOUT PREJUDICE TO RENEWAL

### 1. *Eleventh Amendment Issues:*

■ The Eleventh Amendment to the United States Constitution immunizes a State, including its agencies and departments, from federal law suits brought by its own citizens and the citizens of other states, except in situations where the State has given its unambiguous consent to be sued. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67, (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.") The Moving Defendants allege that New York State has not given consent for it or any of its agencies or departments to be sued in federal court. (Mem. of Law in Supp. of Mot. to Dismiss the Compl. Pursuant to Fed.R.Civ.P. 12(b)(6) at 7.) Plaintiff does not challenge this.

Plaintiff argues, however, that he is not seeking monetary damages against the State of New York, but declaratory judgment only. (Mem. of Law in Opp'n to the Defts' Mot. to Dismiss the Compl. at 4.) Plaintiff contends that no waiver is necessary in order for a federal court to issue declaratory judgment against a State. *See Allstate Ins. Co. v. Serio,* 261 F.3d 143, 153 n. 15 (2d Cir.2001) ("[a]nd while an injunction might well violate the Eleventh Amendment, a declaratory judgment would not." (internal citations omitted)). Therefore, Plaintiff's claim against the State of New York survives the motion to dismiss, but only to the extent he seeks declaratory relief.

■ Plaintiff seeks monetary damages from RPC. (Am.Compl., requested relief, ¶ 2, 3.) He also alleges that RPC was established and is maintained by the Office of Mental Health. (Am.Compl.¶ 9.) Because of this relationship, RPC urges in a footnote to its brief that Eleventh Amendment immunity extends to it as an agency of the State of New York. (Mem. of Law in Supp. of Mot. to Dismiss Pursuant to Rule 12(b)(6) at 7 n. 1.)

The proposition footnoted by RPC is not intuitively obvious to this Court. Many programs and institutions are established using state funds, or are supported with state money, yet they are not "state agencies." The Court is not prepared to adjudicate this issue on the basis of a footnote containing no citation to authority. RPC is free to raise this issue in a proper fashion in a motion for summary judgment.

■ In conjunction with the Moving Defendants' claim of sovereign immunity for the State of New York and RPC, they claim that the monetary damage claims against Bopp in his official capacity must be dismissed as well. As a state actor, Bopp is immune from suit in federal court. *See Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). *See also Al–Jundi v. Rockefeller,* 885 F.2d 1060, 1065 (2d Cir.1989) ("As an initial matter, we note that a section 1983 claim for damages against a state official can only be asserted against that official in his or her individual capacity. Where damages are sought in a section 1983 action, the defendant must be responsible for the alleged constitutional deprivation: the general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required." (internal citations omitted)). Until it is established that RPC is a state agency, however, the court can not determine whether Bopp was a state actor.

Therefore, the motion to dismiss the official capacity claim against Bopp is also denied without prejudice.

2. *Motion to Dismiss Pecuniary Damage Claims Against Bopp*

■ Defendants move to dismiss all pecuniary damage claims against defendant Bopp in his individual capacity claiming that Plaintiff has failed to allege "personal involvement" on the part of Bopp in the events of June 2, 1998. Plaintiff alleges in his amended complaint that "... defendant James Bopp was the Executive Director of RPC [and][a]s such, he was in charge of Frank Toto, and was responsible for the hiring, training, supervision and conduct of Frank Toto." Amended Complaint ¶ 27. Plaintiff also states that "Defendants James Bopp and RPC failed to properly train and educate defendant Frank Toto [and] this failure to train defendant Frank Toto resulted in a violation of Plaintiff's constitutional rights." Id. at ¶ 28. Finally, Plaintiff alleges that "[e]ach of the Defendants, individually and in concert with others, acted under pretense and color of law, but the acts undertaken were beyond the scope of their jurisdiction and without authorization of law and in abuse of their powers, and each defendant acted intentionally, knowingly, and with specific intent to deprive Plaintiff of the right to freedom from unlawful pursuit, stop, arrest, detention, and imprisonment." Id. at ¶ 29.

■ Personal involvement is a prerequisite to a claim for damages against any officer in his individual capacity under 42 U.S.C. § 1983. *See Provost v. City of Newburgh,* 262 F.3d 146, 154 (2d Cir.2001) ("The court also correctly noted that '[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983'."

(quoting *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994)) (internal citations omitted)); *Zamakshari v. Dvoskin,* 899 F.Supp. 1097, 1109 (S.D.N.Y.1995) ("In order to maintain a cause of action against any official, a plaintiff must show that the defendant was personally involved in the deprivation of his constitutional rights, since the doctrine of *respondeat superior* does not apply to § 1983 actions.") The personal involvement of an officer can be established by showing any one of the following: "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [plaintiff] by failing to act on information indicating that unconstitutional acts were occurring." *See Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995) (quoting *Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986)).

Plaintiff alleges that Bopp was "personally involved" through his failure to supervise non-moving defendant Toto and that failure to supervise was done with the intention to violate the constitutional rights of Plaintiff. Although it could be argued that Plaintiff's allegations are conclusory, this court in an excess of caution, regards the allegations as factually based and thus (of necessity) true. Plaintiff, thus, alleges all the necessary elements of a § 1983 claim for monetary damages against Bopp in his individual capacity. Therefore, the court will adjudicate the validity of Plaintiff's claims against Bopp once there is a more complete record, perhaps upon summary judgment.

This constitutes the decision and order of the court.