Patricia **WORTHINGTON**

v.

**CITY OF NEW HAVEN.**

No. 3:94CV609 (JBA).

United States District Court,
D. Connecticut.

Sept. 23, 1997.

Diane Polan, Williams, Polan & Pattis, New Haven, CT, Donna Chance Dowdie, Office od Corp. Counsel, New Haven, CT, for Plaintiff.

Jerald S. Barber, Corp. Counsel's Office, New Haven, CT, for Defendant.

ORDER

ARTERTON, District Judge.

After full review and absent any objection, the Recommended Ruling is APPROVED and ADOPTED as the ruling of this Court, pursuant to 28 U.S.C. § 636 (b)(1)(B) and rule 2 of the Local Rules for United States Magistrate (D.Conn. 1994.)

IT IS SO ORDERED.

*RULING ON DEFENDANT'S MOTION
FOR JUDGMENT ON THE
PLEADINGS*

FITZSIMMONS, United States
Magistrate Judge.

Patricia Worthington brings this action against her former employer, the City of New Haven, claiming that the City refused to reasonably accommodate her disability, in violation of the Americans with Disabilities Act of 1990; 42 U.S.C. § 12131 *et seq.* ("ADA"), Federal Rehabilitation Act 29 U.S.C. § 794 ("Section 504"); and Article First, § 20 of the Connecticut Constitution. Since defendant answered plaintiff's Amended Complaint [Doc. # 24] prior to filing the pending Motion to Dismiss [Doc. ¶ 29], the Court shall construe defendant's Motion to Dismiss as a Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c). The parties have presented no evidence outside the pleadings for the Court to consider on this Motion.

Defendant seeks dismissal of Counts Four through Six of the Amended Complaint, arguing that plaintiff is not a qualified handicapped individual as defined in the ADA and Federal Rehabilitation Act.[1] The parties stipulate that the "sole purpose of defendant's Motion to Dismiss is to challenge, as a matter of law, the plaintiff's entitlement to damages on her total inability to work allegedly resulting from the defendant's failure to accommodate her disability." [Doc. # 31]. For the reasons that follow, defendant's Motion for Judgment on the Pleadings [Doc. # 29] is DENIED.

*STANDARD*

The standards applicable to a motion for judgment on the pleadings under Rule 12(c) are identical to those for a Rule 12(b)(6) motion to dismiss. *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.) (citation omitted), *cert. denied,* 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir. 1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Frasier v. General Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir.1991). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn. 1990) (citing *Scheuer,* 416 U.S. at 232). Judgment on the pleadings should be granted if the movant "is entitled to judgment as a matter of law." *Burns Int'l Security Servs. v. International Union,* 47 F.3d 14, 16 (2d Cir.1995).

*ALLEGATIONS OF FACT*[2]

1. Plaintiff was hired as an Account Clerk I in the Tax Office of the City of New Haven in December, 1991. [Doc. # 20, Amend. Compl. Paragraph 3 (hereafter "¶ ") ].

2. From December, 1991 to present, plaintiff has been a "qualified individual with a disability" as defined under the ADA, and a person with a "handicap" as defined by the Rehabilitation Act of 1973. [¶ 3].

3. Defendant City of New Haven is a "public entity" as defined by the ADA and is a recipient of "federal financial assistance" as defined by the Rehabilitation Act of 1973. [¶ 4].

4. At the time plaintiff was hired by defendant in December, 1991, plaintiff was suffering from a physical disability and handicap, arising from multiple fractures which resulted from a previous automobile accident. Pri-

---

**1.** Judge Arterton referred this motion to a magistrate judge on October 28, 1996. [Doc. # 34].

The Court has considered: defendant's Motion to Dismiss [Doc. # 29], Memorandum in Support [Doc. # 30], Stipulation of the Parties [Doc.

# 31] and plaintiff's Memorandum in Opposition [Doc. # 33].

**2.** The following facts set forth in the Complaint are accepted as true.

or to her employment, plaintiff was required to undergo a pre-employment physical examination. [¶ 5].

5. At the time she was hired, plaintiff was able to perform her job duties. [¶ 6].

6. On or about February 2, 1992, plaintiff fell on a slippery floor near an elevator in the building where she works. As a result of the fall she suffered injuries to her back, neck and knee. [¶ 7].

7. After the accident plaintiff's treating physician prescribed physical therapy, which plaintiff participated in several times a week for three months. [¶ 8].

8. After the accident, plaintiff began to experience lower back pain after sitting for long periods of time, and was unable to perform certain motions without pain. [¶ 9].

*Counts one through Three*

9. Between April, 1992 and April, 1994, plaintiff made numerous requests to defendant, its agents and employees to accommodate her disability which were refused. [¶¶ 11–24].

10. Plaintiff filed this action on April 13, 1994. [¶ 25].

11. Shortly thereafter, defendant provided plaintiff with the ergonomic chair she had requested and which her physician had prescribed almost two years earlier. [¶ 26].

*Counts Four through Six*

12. On or about June 1, 1994, plaintiff underwent a cervical spinal fusion procedure. [¶ 25]. She returned to work on a part-time basis on November 13, 1994. [¶ 26].

13. From November 13, 1994 through March 20, 1995, plaintiff made numerous requests to defendant to accommodate her disability which were refused [¶ 27–28], in particular that she be permitted to do her work sitting down, without having to walk around the office, stand or change positions frequently, and without having to reach for files and other materials. [¶ 27].

---

3. Nevertheless, defendant is free to challenge this assumption and engage in further discovery regarding plaintiff's treating physician's contention that her "knees had deteriorated because she had

14. On or about February 13, 1995, and again in mid-March, 1995, plaintiff's treating physician advised her to stop working. [¶ 30].

15. Plaintiff attempted to continue working but was unable to do so. She left her position with the City of New Haven at the end of March, 1995. [¶ 31].

16. Plaintiff's inability to work is the direct result of the defendant's repeated course of conduct in refusing to accommodate her disability during the period between April, 1992 and March, 1995. [¶ 32].

17. As a direct and proximate result of the discriminatory actions of the defendant, its agents and employees, the plaintiff has suffered irreversible and disabling deterioration in her physical condition, is now totally disabled and unable to work, and has suffered and will continue to suffer physical pain and emotional suffering, as well as a total loss of her ability to earn a living. [¶ 34].

*DISCUSSION*

As a preliminary matter, the parties stipulate that, for purposes of this Motion for Judgment on the Pleadings, "the causal relationship between defendant's alleged failure to accommodate plaintiff's disability, and her inability to work as of March, 1995 . . . is not disputed." [Doc. # 31]. The parties further stipulate that the issue presented on this motion is whether plaintiff is entitled to damages based on her total inability to work resulting from defendant's failure to accommodate her disability. *Id.*

Construing the facts in a light most favorable to the plaintiff and in light of the stipulation of the parties, the Court must therefore assume that plaintiff returned to her job in November, 1994 able to perform her job.[3] Thereafter, plaintiff made numerous requests for reasonable accommodations of her disability but defendant refused. Defendant concedes for purposes of this motion that its failure to accommodate caused her total disability. Accordingly, defendant's claim that

to walk around at work to the point where she had become totally disabled." [Doc. # 33 at 3 n. 3].

plaintiff was not an "otherwise qualified handicapped individual" must fail.[4]

 Thus, the question presented is whether plaintiff may seek damages for becoming totally disabled due to the City's refusal to accommodate her disability while she was its employee. The Court concludes that this is a viable claim of damages flowing from the failure to accommodate. *Langon v. Department of Health and Human Services,* 959 F.2d 1053, 1061 (D.C.Cir.1992).

 Defendant makes a separate argument that Counts Four through Six should be dismissed because they do not state a separate violation of the ADA, Rehabilitation Act and Connecticut Constitution. Rather, defendant argues that this allegation "support[s] a claim for damages for harm caused." [Doc. # 30] (citing *Langon,* 959 F.2d at 1061–62 and *August v. Offices Unlimited, Inc.,* 981 F.2d 576, 583 (1st Cir. 1992)). The Court disagrees. In *Langon,* plaintiff alleged only one violation of the ADA. Thus the *Langon* Court concluded that "allegations concerning [defendant's] denial of her promotion request and its termination of her are like allegations of special damages: while they may affect the nature of the relief received, they do not establish that [defendant] committed separate violations of [the Act]." 959 F.2d at 1061. Similarly, in *August,* the Court concluded that the plaintiff failed to present competent evidence to prove that defendant's failure to accommodate his disability rendered him totally disabled. 981 F.2d at 583 (ruling on summary judgment).

In contrast, plaintiff here alleges two violations: one in early 1992 (Counts One through Three) and the other after her surgery, from November, 1994 to March, 1995. (Counts Four through Six), "first by refusing to provide her with an ergonomic chair for two years after it was requested, and then by failing to modify her jobsite and duties . . . after she returned from surgery in November, 1994." [Doc. # 33 at 12]. Because the

alleged violations are separate, each may give rise to a claim for damages.

*CONCLUSION*

For the reasons stated, defendant's Motion for Judgment on the Pleadings [Doc. # 29] is **DENIED.**

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; *Small v. Secretary of H.H.S.,* 892 F.2d 15 (2d Cir.1989) (per curiam); *F.D.I.C. v. Hillcrest Assoc.,* 66 F.3d 566, 569 (2d Cir.1995).

Sept. 3, 1997.

---

4. Of course, at trial defendant will be free to argue that plaintiff was totally disabled upon her return to work and, thus, was not a "qualified handicapped individual" under the ADA. Defendant may also challenge plaintiff's allegation that

its failure to accommodate caused her disability. However, on the present record, and in light of the stipulation of the parties, the Court must assume that plaintiff was qualified to perform the requirements of her job.